emer Company, May term, 1903, No. 8, and, in view of what we have said in the opinion in that case, this day filed, the judgment is affirmed.

---

# Commonwealth, Appellant, *v*. American Steel & Wire Company of New Jersey.

Argued June 2, 1903. Appeal, No. 1, May T., 1904, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket 1902, No. 248, on appeal from tax settlement in case of Commonwealth v. American Steel & Wire Company of New Jersey. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.. Affirmed.

*Hampton L. Carson*, attorney general with him *Frederic W. Fleitz*, deputy attorney general, for appellant.

*James A. Stranahan* and *Reed, Smith, Shaw & Beal*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 4, 1904:

This case was argued with Commonwealth v. Danville Bessemer Company, May term, 1903, No. 8, and, in view of what we have said in the opinion in that case, this day filed, the judgment is affirmed.

---

# Fennell's Estate.

207    309
Case 2
36 SC 507
f 36 SC 510

*Husband and wife—Post-nuptial agreement—Consideration—Dower—Release of dower—Act of June 8, 1893, P. L. 344.*

A post-nuptial agreement reasonable in its terms, entered into with a knowledge of the facts and for an adequate consideration by which a wife releases her inchoate right of dower, is binding upon her, although at the time there is no intention to suspend the marital relation. Such an agreement is not only enforceable through the medium of equity, but is also binding upon her by reason of the Act of June 8, 1893, P. L. 344.

Argued Oct. 13, 1903. Appeal, No. 33, Oct. T., 1903, by Anna Fennell, from decree of O. C. Westmoreladd Co., Aug. T., 1902, No. 3, making absolute rule to vacate partition proceedings in estate of David Fennell, deceased. Before MITCH-ELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule to vacate partition proceedings.

VOSBURG, P. J., specially presiding, stated the facts to be as follows:

On September 6, 1902, Annie Fennell, the widow of the decedent, presented her petition for an inquest in partition of certain real estate, which was awarded by the court. On September 15, 1902, William F. Fennell and Harry A. Fennell, sons of the decedent, applied for the vacation of these partition proceedings, upon the ground that the petitioner had no interest in the property, having released her rights in the same by her deed dated December 31, 1900. A rule having been granted, the case was set down for hearing, and testimony taken in open court. At this hearing two deeds or releases were offered in evidence each dated December 31, 1900, and forming a part of the same transaction; one from David Fennell, in which he releases the separate real estate of his wife, Annie Fennell, from "all right, claim and interest whatsoever," and one from Annie Fennell, in which she makes a corresponding release as to the real estate of her husband. The testimony shows that the parties lived together as husband and wife, until the date of the death of the testator.

The court citing Act of June 8, 1893, P. L. 344; Harley v. Leonard, 4 Pa. Superior Ct. 431; Patrick & Co. v. Smith, 165 Pa. 526; Mauk's Est., 19 Pa. Superior Ct. 338; Neely's App., 124 Pa. 406; Smith's App., 115 Pa. 319; Flaherty's Est., 5 Phila. 477; Law v. Patterson, 1 W. & S. 184, made absolute the rule.

*Error assigned* was the order of the court.

J. McF. Carpenter and John E. Kunkle, with them E. E. Robbins, for appellant.—The law looks with such extreme jealousy upon all transactions in which the husband deals with the es-

tate of his wife that it will, upon very slight evidence, cast upon
him the burden of showing that he has derived no advantage
therefrom: Nichols v. Nichols, 149 Pa. 172; Bingler v. Bow-
man, 194 Pa. 210; Campbell's App., 80 Pa. 298.

*H. Clay Beistel*, for appellee.—This court has frequently
held valid post-nuptial contracts made in settlements of estates
or family differences where they were equitable, and no fraud,
coercion or overreaching shown: Burkholder's App.; 105 Pa.
31; Zeok v. Mercantile Trust Co., 194 Pa. 388; Ludwig's
App., 101 Pa. 535; Neely's App., 124 Pa. 406; Tiernan v.
Binns, 92 Pa. 248; Kaiser's Est., 199 Pa. 269.

OPINION BY MR. JUSTICE FELL, January 4, 1904:
By an agreement in writing, under seal, duly acknowledged,
a married woman relinquished her right of dower and all other
right, claim, and interest whatsoever in the estate of her hus-
band, and agreed that at his death his estate should vest in
his heirs or in such persons as by will he should appoint, in
like manner as if they had never been married.   At the same
time her husband executed an agreement relinquishing all in-
terest in her estate.   These agreements were alike and con-
ferred equal rights.   Their purpose as stated in the preambles
was to give to each the free and absolute control and disposal
of his or her separate property.   The consideration in each was
one dollar and the like covenant of the other party.
The agreement into which the wife entered was entirely free
from fraud, concealment or overreaching.   She was her hus-
band's second wife, married late in life, and not the mother of
his children, who were of full age at the time of her marriage.
Each party had a separate estate, and hers was a third larger
than his.   The agreement was not only fair and conscionable
but decidedly to her advantage.   After the death of her hus-
band, she attempted to repudiate the agreement into which she
had entered, on the ground that it was not legally binding
and she instituted proceedings in partition to have her dower
interest ascertained and set apart.   We have then the single
question whether a post-nuptial agreement reasonable in its
terms, entered into with a full knowledge of the facts and for
an adequate consideration, by which a wife releases her in-

choate right of dower is binding upon her, there being at the time no intention to suspend the marital relation.

If this agreement had been made in the contemplation of an actual and immediate separation even before the act of 1893, there could be no doubt of its validity : Dillinger's Appeal, 35 Pa. 357; Hitner's Appeal, 54 Pa. 110 ; Commonwealth v. Richards, 131 Pa. 209; Scott's Estate, 147 Pa. 102.    While the common-law disability of a married woman remained, except as modified by statute, her contracts when unobjectionable might be enforced through the medium of equity.    Equity for some purposes regarded husband and wife as distinct persons, capable of contracting with each other, notwithstanding their legal unity : Williams's Appeal, 47 Pa. 307.    In Burkholder's Appeal, 105 Pa. 31, a post-nuptial contract to settle differences between husband and wife which had led to their separation, and the object of which was to adjust their property rights in order that they should thereafter live together in peace and harmony, was upheld on the ground that it was enforceable in equity.    That a separation is provided for in an agreement between husband and wife goes to the consideration only and does not effect her power to contract.

If there was doubt before on this subject, it was settled by the act of June 8, 1893, which gives to a married woman the same right and power that any other person has to acquire, possess, control and dispose of any kind of property in possession or expectancy, and to make any contracts that may be necessary, appropriate or advantageous to the exercise and enjoyment of the rights and powers granted, excepting only certain contracts named.

The right of the executors of the decedent's will to object to a partition was not directly raised by the answer to their petition for a rule to vacate the proceedings, and does not appear to have been considered by the orphans' court.    It is not the subject of any of the assignments of error, and will not be considered.

The order of the orphans' court is affirmed at the cost of the appellant.