## Haendler's Estate.

*Husband and wife—Postnuptial agreement—Real estate—Dower
—Widow's exemption—Act of June 8, 1893, P. L. 344.*

A postnuptial agreement between husband and wife, wherein it
was expressly stated to be the wish and desire of the parties that
their marriage contract should in no wise affect their relations with
regard to their separate and several real estate, is valid and binding
in the absence of concealment, fraud, and imposition.

A wife, having thus agreed to relinquish all right of dower and
any and all other right, claim and interest whatsoever, in the real
estate of her husband, is not entitled upon his death to recover
from his estate, which consisted wholly of real property, the usual
widow's exemption allowed by section 12a of the Fiduciaries Act
of June 7, 1917, P. L. 447.

The Act of June 8, 1893, P. L. 344, gives to a married woman the
same right and power that any other person has to acquire, possess,
control, and dispose of her property, and her contracts made in pur-
suance of that power are to be construed just as are the contracts
of any other person.

Argued April 10, 1923. Appeal, No. 136, April T.,
1923, by Maria Haendler, from decree of O. C. Erie Co.,
February T., 1922, No. 96, disallowing widow's claim for
exemption in the matter of the Estate of Philip Haend-
ler, deceased. Before PORTER, HENDERSON, TREXLER,
KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition to set aside widow's exemption. Before
CLARK, P. J.

The facts are stated in the opinion of the Superior
Court.

The court dismissed the petition. Maria Haendler, the
petitioner, appealed.

*Error assigned* was the order and decree of the court.

*Charles A. Mertens*, for appellant.

*C. C. Eaton,* of *Marsh & Eaton,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

The decedent and the appellant were married in 1911, each had been previously married and had children living, the fruit of such former marriages, and each had separate estates. They entered into a post-nuptial agreement, on July 25, 1911, declaring it to be the "wish and desire of said parties that the said marriage contract, as aforesaid, shall in no wise affect their relations with regard to their said separate and several real estate"; and in pursuance of the thus declared intention they entered into covenants which gave to each the use, ownership and control of all real estate, owned by them, respectively, "in the same condition and under the same rights in the law as if the said Philip Haendler and Maria Haendler were sole and unmarried." Philip Haendler relinquished any and all right, claim and interest whatsoever in the separate estate of the said Maria Haendler to which he might become in any manner entitled as the husband of the said Maria Haendler. The covenant material to the rights of this appellant, here involved, was in the following language: "Maria Haendler upon her part relinquishes all right of dower and any and all other right, claim and interest, whatsoever, in the real estate of the said Philip Haendler, to which she might in any manner become entitled as the wife of the said Philip Haendler; and at the death of either of the said parties hereto, the separate real estate of him or her so dying shall descend to and vest in his or her heirs at law, in like manner as if they had never been married, or in such person or persons for any such estate or estates as he or she so dying, shall by his or her last will and testament or writing in the nature thereof order and appoint." It was expressly admitted at the hearing in the court below, that at the time of the execution of the agreement, Philip Haendler made to the appellant a full disclosure of all of his property, and that she signed the

agreement with the full knowledge of the estate he possessed at that time; that the appellant was also possessed of a separate estate in her own right and that there was no fraud or collusion between the parties in making the agreement. Philip Haendler died on January 3, 1922, testate, leaving no personal property. The appellant, his widow, asserted a right to have set aside to her, out of his real estate or the proceeds thereof, the sum of $500, as her widow's exemption, under the provisions of section 12a of the Fiduciaries Act of June 7, 1917, P. L. 447. The learned judge of the court below held that, because of the covenants of her agreement, above quoted, the appellant was not entitled to have her claim satisfied out of the real estate of the decedent. The widow appeals from that ruling. .

The first contention of the appellant is that the agreement, even if valid, cannot be construed to mean that the appellant thereby relinquished her right to claim the $500 · widow's exemption out of the real estate; that when she relinquished "all right of dower and any and all other right, claim and interest, whatsoever, in the real estate of the said Philip Haendler, to which she might in any manner become entitled as the wife of said Philip Haendler" it did not mean that she relinquished the right to claim her exemption out of such real estate. This contention is not well founded, for the clauses of the agreement which follow specifically covenant that the real estate, "of him or her so dying shall descend to and vest in his or her heirs at law, in like manner as if they had never been married," or to such person or persons as the one so dying shall by last will and testament appoint. The Act of 1917 did not change the nature of the widow's exemption although it increased the amount thereof, it gives the widow an interest in the husband's estate, just as prior acts had done. When a woman, about to marry, entered into an antenuptial contract, or a husband and wife, contemplating an immediate and continuous separation, entered into articles of separa-

tion, there being no fraud or imposition, under the provisions of which the wife relinquished all rights in the husband's estate, it was held that this included the widow's exemption, although not particularly mentioned: Tiernan v. Binns, 92 Pa. 248; Ludwig's Appeal, 101 Pa. 535; Dillinger's Appeal, 35 Pa. 357; Speidel's Appeal, 107 Pa. 19. This appellant covenanted that the real estate of her husband should pass to his heirs or devisees discharged of any claim or interest which she had, as the surviving widow of the decedent. The agreement in this case was not an ante-nuptial one, nor was it made in contemplation of an immediate and continuous separation; the parties continued to cohabit as husband and wife until the death of the former. The appellant contends that, in these circumstances, the appellant then living with her husband and not intending to separate from him, was without power to relinquish her exemption. This contention cannot be sustained. The Act of June 8, 1893, P. L. 344, gives to a married woman the same right and power that any other person has to acquire, possess, control, and dispose of any kind of property in possession or expectancy, and to make any contracts that may be necessary, appropriate or advantageous to the exercise and enjoyment of the rights and powers granted, excepting only certain contracts specified: Fennell's Estate, 207 Pa. 309; Singer's Estate, 233 Pa. 55. There being no suggestion of concealment, fraud or imposition when this appellant entered into the agreement in question, the covenants of the contract are to be construed just as are the contracts of any other person. She has no interest in the real estate of the decedent or its proceeds. The assignments of error are dismissed.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.