Estate of Harris Gorback, Deceased.

528

Argued April 19, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Charles H. Sachs,* of *Sachs and Caplan,* for appellant.—Ante-nuptial contracts are valid: Robinson's Estate, 222 Pa. 113; Neely's Appeal, 124 Pa. 406.

*Albert C. Hirsch,* and with him *Mayer Sniderman* and *Watson & Freeman,* for appellee.—The burden was upon the appellant to prove that the ante-nuptial agreement had been made in full knowledge of the facts: Warner's Estate, 210 Pa. 431; Mauk's Estate, 19 Pa. Superior Ct. 338.

OPINION BY BALDRIGE, J., July 2, 1929:

The question involved in this case is whether the provisions for the wife in an ante-nuptial agreement are unreasonable under the circumstances.

The decedent died, having left a will, wherein he provided for the payment of five hundred ($500) dollars to his wife, under an ante-nuptial agreement, in which she waived all claims and rights in his estate. The ante-nuptial agreement was entered into on the 4th of April, 1922. Harris Gorback was then a widower

seventy-six (76) years of age, and Anna Stearn, the other party to the agreement, was fifty-six (56) years of age; both had been formerly married. She was illiterate and unable to speak the English language, and executed the agreement by making a mark. The parties appeared at a synagogue in Pittsburgh and, before the marriage ceremony was performed, a Hebrew teacher prepared the ante-nuptial contract in question. The widow contends that she did not understand what she was doing and that no information was given or statement made to her showing the value of Gorback's estate. She admitted that she knew he owned a house, in which they subsequently lived, but she denied that she was aware that the decedent owned any personal property, other than a small undertaking business.

The provision for the wife in the ante-nuptial agreement was grossly disproportionate to the value of the decedent's estate and she is entirely without means of support, except what she obtains from the husband's estate. As was said by Mr. Justice Sharswood, Kline v. Kline, 57 Pa. 120, "such a pittance leaves her to be an object of private charity or public relief." The circumstances under which this agreement was signed reveal that the husband did not frankly and freely disclose the value of his estate. He and his prospective wife stood in a confidential relation to one another and he was required to exercise the utmost good faith.

An ante-nuptial agreement will not be declared invalid, even if full information is not given to the wife of the husband's estate, providing that there is a reasonable allowance made for her, but if the amount allowed is grossly disproportionate, as here, to the value of her husband's estate, then fraudulent concealment will be presumed and the burden is on the one defending the agreement to show that a complete dis-

closure had been made to the wife of the value of the estate: Kline v. Kline, supra; Neely's Appeal, 124 Pa. 406; Salmon's Estate, 95 Pa. Superior Ct. 449.

The lower court correctly concluded that there was not that openness and fairness which the confidential relations existing necessarily imply, and that an absence thereof constitutes fraud which vitiates the agreement: Yost's Estate, 23 Pa. Superior Ct. 183; Warner's Estate, 210 Pa. 431; Haberman's Estate, 239 Pa. 10; Salmon's Estate, 95 Pa. Superior Ct. 449.

In Slagle's Appeal, 294 Pa. 442, the parties entered into a post-nuptial agreement, which was held to be valid by the court as there was no concealment of the value of the husband's property. He had been totally blind and very deaf and the wife had exceptional familiarity with his business affairs. She knew of the real estate and personal property that he possessed, and had access to his safe deposit box, and helped him to transact his business, which differentiates it in a decided way from this case.

In Haendler's Estate, 81 Pa. Superior Ct. 168, it was admitted at the hearing in the court below that at the time of the execution of the agreement that the woman had a full knowledge of the estate of her future husband.

As there was a withholding of the true facts, this appellee was entitled to equitable relief.

The opinion of the lower court is affirmed.