## Hughes Estate

*Laurence E. Wood,* for accountants.
*William E. Parke,* for claimant.

MACELREE, P. J., December 12, 1966.—Decedent, a married man, leaving to survive him a spouse, died January 14, 1966, leaving a will dated the second day of December, 1955, which was duly probated, and upon which letters testamentary were granted February 16, 1966.

By the terms of his will, decedent provided, inter alia, as follows:

"SECOND: I do hereby give, devise, and bequeath my entire estate of whatsoever kind and nature and wheresoever situate in equal shares to my son, Francis Hughes, and my daughter, Mabel H. Baker. In the event that Mabel H. Baker should predecease me, then I direct that the share which she would have received shall go to her issue living at the time of my death per stirpes. In the event that my son, Francis Hughes, shall predecease me leaving issue, then I give that share to such issue per stirpes, but if he die without issue, then to his lawful heirs as provided by the intestate laws of the Commonwealth of Pennsylvania.

"THIRD: Having made provisions for my wife, Alice R. Hughes, during my lifetime, it is my desire that my estate be distributed after payment of all

charges against my estate as set forth in the foregoing paragraph".

It is averred that both Mabel H. Baker and Francis H. Hughes, conditional residuary legatees named in decedent's will, survived decedent.

It is further averred that Alice R. Hughes, surviving spouse, by election duly filed in the office of the Recorder of Deeds of Chester County, Pa., elected to take against the will of said decedent, which said election has been withdrawn by counsel for said surviving spouse.

Under date of October 5, 1966, said Alice R. Hughes duly filed a claim for the family exemption of $1,000 in cash.

In opposition of the allowance of said family exemption, there was offered in evidence before this court a postnuptial agreement dated the sixth day of February, 1952, which postnuptial agreement is as follows:

### "POSTNUPTIAL AGREEMENT

"THIS AGREEMENT entered into this day of Feb. 6, 1952 between HARVEY M. HUGHES of the Borough of West Chester, County of Chester, and State of Pennsylvania, hereinafter referred to as Husband, and ALICE R. HUGHES, of the same place, hereinafter referred to as wife.

### "WITNESSETH

"1. That both parties to this agreement have knowledge of the value of the property owned by the other as of the date hereof.

"2. That both parties to this agreement have been advised and are fully aware of the right of either to take against the Will of the other upon the death of either.

"3. That both parties acknowledge the fact that both have executed Wills, the provisions of which are unknown to each other.

"4. It is expressly understood and agreed between the parties that this agreement is entered into with complete knowledge of all the surrounding circumstances and with their full approval and accord.

"5. That the parties to this agreement by these presents and in consideration of the sum of ONE DOLLAR ($1.00) and other good and lawful considerations do hereby expressly waive their rights as husband and wife to elect to take against the will of the other or to enter into any proceeding against the estate of the other contrary to the expressed provisions of their respective Wills.

"WITNESS our hands and seal this 6th day of Feb., 1952.
"/s/ Harold K. Wood    /s/ Harvey M. Hughes  SEAL
"/s/ Philip J. Reilly    /s/ Alice R. Hughes    SEAL
"Witnessed 3/5/52"

### FINDINGS OF FACT

1. It is conceded by the parties in interest that unless barred by the terms of said postnuptial agreement dated February 6, 1952, Alice R. Hughes was entitled to the family exemption.

2. Alice R. Hughes, having survived decedent and having filed her claim for the family exemption, died the 19th day of November, 1966, of whose estate William E. Parke was duly appointed executor by the Register of Wills of Chester County, on December 6, 1966.

### DISCUSSION

It is quite clear that a widow's right to the family exemption may be waived by either an antenuptial or postnuptial agreement: 3 Hunter, O.C. Commonplace Book 24 and the cases therein cited; Partridge-Remick, Pa. O.C. Practice, vol. 4, p. 258, §29.02(3).

The question which this court is called upon to decide is whether the postnuptial agreement entered

into between the parties on February 6, 1952, constitutes such a waiver.

Item 1 recites that both parties to the agreement have knowledge of the value of the property owned by the other as of the date of the agreement.

Item 2 recites that both parties to the agreement have been advised and are fully aware of the right of either to take against the will of the other upon the death of either.

Item 3 recites that both parties acknowledge that they have executed wills, the provisions of which are unknown to each other.

Item 4 recites it is expressly understood and agreed between the parties that this agreement is entered into with complete knowledge of all the surrounding circumstances and with their full approval and accord.

Item 5 recites that the parties to this agreement by these presents and in consideration of the sum of one dollar and other good and valuable considerations do hereby expressly waive their rights as husband and wife to elect to take against the will of the other or to enter into any proceeding against the estate of the other contrary to the expressed provisions of their respective wills.

The first four items indicate clearly to this court that the parties to the postnuptial agreement were in full accord that they would respectively waive their rights to elect to take against the will of the other. Just what was contemplated by the last portion of item 5 presents a more difficult problem.

It is unusual that counsel for the respective parties both rely upon Haendler's Estate, 81 Pa. Superior Ct. 168 and Jackson Estate, 33 D. & C. 2d 402, 14 Fiduc. Rep. 391.

In Haendler's Estate, it was held by the late Judge Porter that a wife, having agreed to relinquish all right of dower and any and all other right, claim and

interest whatsoever in the real estate of her husband, is not entitled upon his death to recover from his estate, which consisted wholly of real property, the usual widow's exemption allowed by section 12(a) of the Fiduciaries Act of June 7, 1917, P. L. 447.

Jackson Estate, decided by Judge Taxis, is authority for the legal proposition that a nuptial agreement by which decedent's wife agreed to waive any claim she might have by reason of *her marriage*, whether by way of dower, or by virtue of *any statute covering distribution of decedent's estate*, in any property which he possessed, effects a waiver of her right to the family exemption.

It is contended on behalf of Alice R. Hughes that the postnuptial agreement waived only the right of the parties to elect to take against the will of the other and their respective rights to enter into any proceeding against the estate of the other contrary to the expressed provisions of their respective wills, but that neither of these provisions expressly or by necessary implication waived the surviving spouse's right to her family exemption.

On the other hand, it is contended by executors, who are also residuary legatees, that the phraseology in the postnuptial agreement: "any proceeding against the estate of the other contrary to the expressed provisions of their respective wills", proscribes the right of Mrs. Hughes to the exemption.

In reaching our conclusion, it must be borne in mind that the family exemption is not an inheritance, but rather a gratuity prompted by a consideration of public policy, and that the exemption creates an independent bounty for the widow; it is neither a legacy or a devise, nor an inheritance, and that by asserting it, the amount of it ceases to be a part of decedent's estate as to decedent's creditors, legatees, devisees, or distributees.

In the opinion of this court, Haendler's Estate is readily distinguishable in that the surviving spouse relinquished all right of dower *and any and all other right, claim, and interest whatsoever in the real estate of her husband* and *by reason thereof was not entitled upon his death to recover from his estate, which consisted wholly of real property,* the widow's usual exemption.

It is further significant to note that in Jackson Estate, by the terms of the nuptial agreement, the surviving spouse *waived not only any claim she might have by reason of her marriage or by virtue of any statute covering distribution of decedent's estate.*

The right of Mrs. Hughes is based upon a statute governing distribution of decedent's estate.

Basically, the question with which this court is faced is: Does the widow's claim for the family exemption constitute a proceeding against the estate of her deceased husband, contrary to the expressed provisions of his will?

Decedent's will does contain a provision in item 3, as follows: "Having made provisions for my wife, Alice R. Hughes, during her lifetime *it is my desire that my estate be distributed after payment of all charges against my estate,* as set forth in the following paragraphs".

It must be conceded that the widow's exemption would deplete decedent's estate, as set forth in item second of his will, to the extent of $1,000.

However, the right of the surviving spouse to the family exemption is not predicated upon any provisions of her husband's will, but is predicated solely upon the statutory provisions of the Fiduciaries Act of April 18, 1949, P. L. 512, section 211, as amended, which provides: "The spouse of any decedent dying domiciled in the Commonwealth, . . . may retain or claim as an exemption, either real or personal prop-

erty, or both, not theretofore sold by the personal representative, to the value of $1,000.00".

The above statutory provision, when exercised by the surviving spouse, does constitute a charge against decedent's estate.

### Conclusions of Law

Having in mind that a statutory allowance is not dependent upon the will of a decedent and that the right to the family exemption is not forfeited by an election to take under or against the will of a decedent, this court has reached the conclusion that by the terms of the postnuptial agreement, what Mrs. Hughes agreed to was, in effect, an election to take under the will of decedent, and by doing so, in the opinion of this court, her right to the statutory exemption was not waived. . . .