## Fishel Estate

*Frank Boyle*, for claimant.
*John Miller*, for executors.

KOHLER, P. J., May 24, 1974.—The sole and narrow issue before the court is whether the surviving widow of testator waived her right to the family exemption in an antenuptial agreement executed by the parties prior to their marriage. Testator, Howard Fishel, for all practical purposes bequeathed and devised his entire estate to his three adult children by a former marriage. His surviving spouse, Alma Lanius Fishel,

filed a formal claim to the family exemption of $1,500 in cash. The executors filed objections to such claim, citing the antenuptial agreement, a copy of which was attached, as a waiver and forfeiture of the claim. The testamentary estate is sizable.

The surviving spouse has filed no election with respect to the will and, since more than one year has elapsed since testator's death on March 11, 1973, she is, therefore, presumed to be accepting the terms of the will. Her counsel admits she is barred from taking against the will by the express terms of the agreement and the binding validity of the agreement is not challenged. No testimony was offered.

The antenuptial agreement, executed and acknowledged on October 20, 1965, provides, in the only relevant provisions, as follows:

"WHEREAS, the parties desire that all property now owned or hereafter acquired by each of them shall for testamentary disposition be free from any claim of the other that may arise by reason of their contemplated marriage;

"NOW THEREFORE, in consideration of the mutual covenants herein set forth, the parties hereto agree as follows:

"1. After the solemnization of the marriage between the parties, each of them shall separately retain all rights in his or her own property, whether now owned or hereafter acquired, and each of them shall have the absolute and unrestricted right to dispose of such separate property at any time, free from any claim that may be made by the other by reason of their marriage, and with the same effect as if no marriage had been consummated between them.

"2. Each of the parties waives and releases any rights as surviving spouse to elect to take against the other's will, whether heretofore or hereafter made. This provision shall constitute a waiver and release of the

right of election in accordance with the requirements of the laws of the State of Pennsylvania, or of the same or similar law of any other jurisdiction which may be applicable."

In our construction of the antenuptial agreement and the adjudication of the issue before us, we are governed by the following principles:

The family exemption provision is not a statute of distribution and the exemption is not an inheritance. It is wholly a gratuity based upon the existence of the family relationship: Hildebrand's Estate, 262 Pa. 112; Bell's Estate, 139 Pa. Superior Ct. 11.

When a woman, about to marry, enters into an antenuptial agreement in which she relinquishes all of her rights in her husband's estate, in the absence of concealment, fraud or imposition, this includes the family exemption, although not specifically mentioned: Haendler's Estate, 81 Pa. Superior Ct. 168, and cases therein cited.

The antenuptial agreement before us is unique in the respect that by *specific* recital in the premises, as well as by glaring omission of a general release against the "estate" of the other in the contracting terms, it would appear to govern *only* testamentary or inter vivos dispositions. The premises recite a desire that "testamentary disposition" shall be free from marriage claims: Item 1 of the contracting terms speaks of the right to "dispose" of certain property; and Item 2 speaks only of the waiver and release of the right of election against a will. There appears to be no expressed agreement whatsoever in the event of intestacy.

In Hughes Estate, 41 D. & C. 2d 601, 17 Fiduc. Rep. 114, a somewhat analogous postnuptial agreement was construed to bind the widow only to take under the will of the decedent and, by doing so, it was concluded that her right to the statutory exemption was not waived. It was pointed out that a statutory allowance

is not dependent upon the will of the decedent and that the right to the family exemption is not forfeited by an election to take under or against the will.

We have carefully examined all of the cases cited by the executors, and others disclosed by independent research, in which it was concluded that the exemption was waived by the terms of the agreement, among them being Haendler's Estate, supra; Jackson Estate, 33 D. & C. 2d 402, 14 Fiduc. Rep. 391; Fruchtman Estate, 47 D. & C. 2d 208; and Dietz's Estate, 46 York 105. In all of them the contracting parties manifested an intention to release all rights against the estate of the other should the latter die testate or intestate.

Upon examination of the entire agreement, we conclude that here, as in Hughes Estate, supra, what Mrs. Fishel agreed to was simply to permit her husband to make inter vivos transfers of his property free from any claims arising from the marriage and to take under the terms of his will. Neither waives her statutory right to the exemption.

And now, May 24, 1974, the objections to the claim for family exemption by Alma Lanius Fishel in the estate of Howard Fishel are dismissed and the said exemption is confirmed absolutely.