2g 413
131  218

# Smith *versus* Knowles.

1. A parol agreement by one to become trustee for a married woman, but who refused, when the tripartite deed of trust was drawn, to agree to a covenant in it, and hence declined to sign it, will not bind him, even though, in anticipation of the trust, he had called himself her trustee, and received some of her goods.

2. A tripartite deed of trust and separation, executed by the husband and the wife, but which the trustee refused to sign, did not effect a separation of husband and wife. It was inchoate until executed by the trustee, and as a contract between husband and wife, was simply void.

3. Equity will never decree a separation between husband and wife, even where they have stipulated for it in the most formal and solemn instruments, whether they be executory, as articles of agreement, or complete, as by deed.

4. Where husband and wife have effected a separation, equity will con'rol its incidents and accomplish its lawful objects, but will not decree a separation.

5. Although estoppels may be by matter *in pais*, they should be reciprocal, and binding on both parties.

IN EQUITY. Appeal by Levi Knowles from the decree of the Court of Common Pleas of *Philadelphia.*

The facts of the case fully appear in the opinion of the court.

*Read,* for appellant.

*Loughead,* for appellee.

[Smith *v.* Knowles.]

The opinion of the court was delivered March 12, 1855, by

Woodward, J.—This is a bill in equity, to fix the defendant with the liabilities of a trustee, under articles of separation between Samuel H. Dungan and Ann, his wife. The defence is, that the trust was never assumed.

It is a conceded point, that the defendant did not sign the tripartite instrument, which was prepared and intended to establish him in that relation. He agreed, as the mutual friend of the parties, to become trustee of the wife, but when the articles were submitted to him, he refused to sign them on account of the covenant therein, that he should indemnify the husband and his representatives forever, against any charges or debts of his wife. Dungan had a right to insist on that covenant, which, though not essential to the validity of such articles, is usually found in them; and Knowles had an equal right to decline entering into it. The instrument, then, did not make Knowles trustee.

But though signed by Dungan and wife, did it effect their separation in law? Clearly not, because it was inchoate until executed by Knowles. As a contract between husband and wife, it was simply void.

Can we treat the case as a separation, and appointment of a trustee by parol? Many trusts may be created and proved by parol, and we do not say, for it is unnecessary to decide the point, that such an one as is here alleged must be by deed; but where it is shown, as it is here, that husband and wife undertook to agree with the selected trustee on the terms of separation, and to define them by deed, which failing, led to no other agreement whatever, we cannot say there was even a parol separation. The object of articles is to define the rights of the husband and wife, and the duties of the trustee in the new relation; and as the rights and duties which result from a severance of the marital relation are always important and often difficult of adjustment, they ought to be clearly defined in writing. But granting a parol separation possible, none such is proved. That is, after the rejection of the articles as drawn, there was no substitution of other terms, nor even any treaty on the subject. Knowles had agreed in a general manner to become trustee, and in prospect of the arrangement, had received possession of a few articles of personal property for Mrs. Dungan, had received from her husband and sent to her, after she went west, $100 in money, and in the spring and summer of 1844, wrote her three letters, in which he spoke of himself as her trustee. But all this had reference to a prospective arrangement, which was never consummated. Doubtless he regarded himself a trustee, for he expected the parties to effect a separation by legal and formal articles of agreement. Hence, in his letter of 27th May, 1844,

he says : "You have appointed me your trustee to manage your property. I shall attend to the duties with fidelity." This is as distinct an admission of the trust as that contained in his letter of July, and yet it was *before* the deed was made, for that was dated in June. He spoke—he must have spoken in reference to a trust agreed on in a general manner, but which was to be created and defined by deed. And with the expectation that his objection to the deed would be obviated, we think it not very strange, though certainly not quite prudent in Knowles, to speak of himself again as her trustee, in his letter of July 23d.

But if we were to imagine a legal separation, and out of the materials before us construct a trust for Knowles, what would be its terms? Those expressed in the deed? Certainly not, because they were rejected. Others that we might think reasonable? But they were never agreed on, by parol or otherwise. On the contrary, after Mrs. Dungan returned from the west, before she became insane, and before her husband made the mortgage to Clark, or the deed to his son for the Filbert street property, Knowles restored to her the chattels he had taken into possession, and gave her notice of his determination to have no further connection with the transaction. If she went away under the impression that the articles were to be fully executed, she thus learned when she returned that they had not been, and that no substitute for them had been provided.

How then can a court of equity deal with Knowles as a trustee? Trustee he was not, unless there was a separation of Dungan and wife; and in view of all that transpired, shall we decree a separation? Equity will never do that, even when husband and wife have stipulated for it in the most formal and solemn instruments, whether they be executory, as articles of agreement, or complete, as by deed. *Wooral* v. *Jacob*, 3 Mar. 268; *Legard* v. *Johnson*, 3 Vesey, Jr. 352; 3 Atkins, 550; *McKennan* v. *Phillips*, 6 Wh. 576. When the parties have *effected* the separation, equity will control its incidents and accomplish its lawful objects; it will compel the husband to pay what he stipulated to pay for the maintenance of the wife, and the trustee to perform his duties faithfully, but it will not decree a separation. It is impossible that equity should engage in the work of putting asunder those whom God has joined together. In England, this is said to be from deference to the ecclesiastical courts, who tolerate no voluntary separation of husband and wife; but the true ground of the rule is to be found, I apprehend, in the sacredness of the marriage bond, and the marital rights of the husband at common law.

Finding ourselves, then, without evidence that Dungan and wife established a separation, and without powers to decree one

[Clark *v.* Everett.]

on the footing of all that has taken place, it follows inevitably, that Knowles cannot be held as trustee.   He cannot be bound when both husband and wife are free from an obligation, tripartite in fact as well as in form.   He cannot be bound to account for property, in respect to which the husband has never parted with his dominion.   All he has said and written, does not estop him from denying the trust, for though estoppels may be by matter *in pais*, they should be reciprocal, and binding on both parties.   If all that has occurred does not bind Dungan and wife to live apart, it cannot bind Knowles to account as trustee.   If he is to be held to the responsibilities, he must be clothed with the powers of trustee.   To say that he has estopped himself from denying the trust, and therefore he shall execute it, is to decree the separation, which equity will not do, or, what would be absurd, to mistake an accessory for a principal, and to seek a shadow where there was no substance.

We are of opinion that the plaintiff has not shown a title to the relief sought, and that her bill ought to have been dismissed.

And now, 12th March, 1855, this cause having been argued by counsel, and the proofs and allegations of the parties having been fully considered, it is adjudged and decreed, that the decree of the Court of Common Pleas of the city of Philadelphia, be reversed, set aside, and taken for naught, and that the record be remanded to said court, with directions to dismiss the plaintiff's bill with costs.