WESTERN UNION TELEGRAPH COMPANY, *Plaintiff in Error,* v. W. P. REDDING, *Defendant in Error.*

Division B.

Opinion Filed November 8, 1927.

*Francis R. Stark, Martin & Martin, John E. and Julian Hartridge,* for Plaintiff in Error;

*J. C. Davant* and *Whitehurst & Whitehurst,* for Defendant in Error.

TERRELL, J.—January 30, 1926, W. P. Redding, the defendant in error, sent for Dr. G. R. Creekmore, a physician of Brooksville, Florida, to examine and treat his little daughter, Laura Elizabeth, who was suffering from high fever and sore throat. On examination, Dr. Creekmore diagnosed Laura Elizabeth's trouble as diphtheria and sent a culture from her throat to Dr. Venters, a bacteriologist at Tampa, Florida, for examination to determine whether his (Dr. Creekmore's) diagnosis was correct. The culture was sent to Dr. Venters January 30, 1926, and on February 2nd following he (Dr. Venters) delivered to the Western Union Telegraph Company at Tampa, Florida, a telegraph message for transmission to Dr. Creekmore at Brooksville, Florida, reading as follows: "Redding throat culture negative diphtheria." The message was transmitted and delivered to Dr. Creekmore reading as follows: "Redding throat culture received diphtheria."

On receipt of this mesage Dr. Creekmore administered to Laura Elizabeth Redding what he termed a curative dose of diphtheria anti-toxin. Immediately after all administration of this treatment Dr. Creekmore called on the Western Union Telegraph Company for a verification of the telegram, and on receipt of same the verified or corrected telegram read as it was delivered to the Western Union Telegraph Company by Dr. Venters. About two hours elapsed between the original and the corrected telegram.

Predicated on these facts, W. P. Redding brought this

action against the Western Union Telegraph Company to recover damages pursuant to the provision of Section 4388, Revised General Statutes of Florida. The *ad damnum* part of his declaration being as follows:

"Whereupon said Dr. G. R. Creekmore subjected said Laura Elizabeth Redding to the usual treatment for diphtheria, which was extremely painful in its nature and quarantined the residence of the plaintiff and plaintiff was *subjected* to great anxiety and mental suffering and was forced to expend and incur large sums of money for medicines, physician's fees, and nursing to his damage $2,900.00. And the plaintiff claims of the defendant the sum of $2,900.00"

There was a trial resulting in a verdict and judgment for $2,500.00. A motion for a new trial was denied and writ of error was taken to the judgment.

At the appropriate time, defendant moved to strike the following portions of the declaration as here quoted:

(1) "Which was extremely painful in its nature," (2) "and plaintiff was subjected to great anxiety and mental suffering."

We think this motion should have been granted as to ground number two. Our statute (Section 4388, Revised General Statutes of Florida) does not give damages where one is "subjected" to mental suffering but it provides damages for "mental anguish, distress or feeling, physical and mental pains and suffering resulting from the negligent failure to promptly transmit or promptly deliver such telegram, or because of the negligent failure to correctly transmit and deliver such telegram." There may be, a marked distinction between actually suffering mental anguish and being "subjected" to it.

Even if the declaration had alleged that the plaintiff suffered mental anguish or mental suffering by reason of

the negligent transmission of the said telegram the evidence as contained in the record utterly fails to prove such allegation. We think further that the facts presented wholly fail to make a case within the purview of our mental anguish statute. In its most unfavorable aspect the negligently transmitted telegram had the effect of confirming Dr. Creekmore's diagnosis which was already known to Mr. Redding. The corrected telegram having been received in two hours had the effect of correcting any wrong impression made by the negligently transmitted one. The record shows, however, that the anti-toxin was administered about 12:00 to 1:00 o'clock in the day, that Mr. Redding did not see it administered and did not see his child from just before the administration of the anti-toxin till about an hour by sun that afternoon, a period of four to five hours and from two to three hours after the corrected telegram was received. Such a state of facts in connection with an utter lack of testimony to prove the allegations of the declaration fall far short of a predicate for substantial statutory damages for mental anguish or mental pain. We do not hold that the telegram was not negligently transmitted and that under a different showing damages might not have been recovered as authorized by the statute for mental anguish or mental pain suffered during the two hours from the original to the corrected telegram or such as was directly attributed thereto.

We think that on the showing made Mr. Redding's recovery is limited to the expense incurred by him for doctors, nurses and drug bill as a result of administering the diphtheria anti-toxin to Laura Elizabeth on receipt of and by virtue of the incorrectly transmitted telegram, exclusive of any such expenses that would have been incurred if the telegram had been transmitted correctly.

The general law applicable to this case was fully covered in Western Union Telegraph Company v. Taylor, decided Nov. 1, 1927. Further discussion of it here would serve no useful purpose.

The judgment below is reversed and a new trial awarded.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.