## Stull, Appellant, *v.* Stull.

Argued March 12, 1937. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ. 

*John Robert Jones,* for appellant.

*Samuel A. Blank,* for appellee.

OPINION BY KELLER, P. J., April 15, 1937:

This is an appeal by Frieda T. Stull from an order of the court of common pleas discharging a rule to show cause why her former husband, Paul H. Stull, should not be adjudged in contempt of court and a writ of attachment issued against him for his failure to comply with a decree for the payment of money entered in a suit in equity brought in said court to enforce the provisions of a separation agreement between them.

The court felt its action was controlled by the case of *Colburn v. Colburn,* 279 Pa. 249, 123 A. 775, which ruled that although a court of equity has jurisdiction to decree performance of a separation agreement between husband and wife which provides for the payment of money by the husband to the wife, it cannot, since the Act of July 12, 1842, P. L. 339, abolishing imprison-

ment for debt, enforce a decree for the payment of money in such a proceeding by attachment of the person. In that case the Supreme Court said: "The question before us is the power of a court of equity to enforce its decree for the payment of money due under a separation agreement by attachment of the person of the defaulting husband. Section 1 of the Act of July 12, 1842, P. L. 339, provides: 'No person shall be arrested, or imprisoned on any civil process issuing out of any court of this Commonwealth, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the nonperformance of any contract, etc.' Here plaintiff's bill is founded upon a contract and the decree is for the payment of money. While it is admitted equity has jurisdiction in separation agreements, it is denied that decrees for payment of money in such proceedings are enforceable by attachment of the person. This court has held that attachment in such cases does not lie."

We agree with the court below that the present case is ruled by that decision.

Appellant seeks to distinguish this case from the Colburn decision, pointing out that in that case the parties, at the time of suit, were still married, while in the present case the appellant, three months and four days after the date of the separation agreement, secured a decree of absolute divorce from the defendant. This difference in the facts does not help the appellant. While a man is under an obligation to support his wife as long as they are married, no such duty rests on him after they are divorced. The defendant's present obligation to pay appellant money for her support, after her decree of divorce, rests solely on the contract to do so contained in the agreement of separation, and the decree of court enforcing it; and the agreement

sought to be enforced in the suit in equity related to nothing but the payment of money. The agreement did not constitute the husband a trustee whose failure to pay amounted to a breach of trust, punishable by attachment in proceedings for contempt: *Colburn v. Colburn,* supra, pp. 251, 252. The covenants in such an agreement "are to be disposed of as contractual covenants without regard to their sentimental source and are to be enforced and defended against as any other [contractual] covenant": *Shimp v. Gray,* 41 Pa. Superior Ct. 542, 545. The point actually decided in *Com. v. Richards,* 131 Pa. 209, 18 A. 1007, relied on by appellant, was that such an agreement of separation between husband and wife, if upon reasonable terms and carried out in good faith, would be sustained in our courts, where equity is administered under common law forms, without the intervention of a trustee acting for the wife. The expression in the opinion (p. 219), "In such cases the husband himself will be treated as a trustee for the specific purpose in view, [that is, for the purpose of making a valid agreement with his wife] and will be held accordingly," cannot, in the light of the immediately preceding context,[1] furnish support for the position that the husband is thereby constituted such a trustee of the moneys to be paid by him semi-monthly out of his earnings, pursuant to the agreement, as to render him liable to attachment of his person for contempt of court, if he fails to make the payments as ordered. By the Married Persons Act of June 8, 1893, P. L. 344, sections 1 and 2, a married

---

[1] "Ordinarily these agreements, as in *Dillinger's App.,* 35 Pa. 357, have been carried into effect through the medium of a trustee; but the undoubted weight of authority is that there may be a valid agreement for the separation directly between husband and wife, without the intervention of a trustee, which the courts will sanction" [citing cases, *Hutton v. Hutton's Admr.,* 3 Pa. 100, et al.]

woman may now enter into such an agreement without the intervention of a trustee: *Haendler's Est.,* 81 Pa. Superior Ct. 168; *Fennell's Est.,* 207 Pa. 309, 56 A. 875; *Singer's Est.,* 233 Pa. 55, 81 A. 898. Furthermore, this appellant, by the agreement, gave up no right to permanent alimony in case of divorce, for by the Divorce Code of May 2, 1929, P. L. 1237, which was in force when the present separation agreement was made, permanent alimony in case of absolute divorce may no longer be decreed to a wife, unless she is insane. In return for not proceeding under the Act of April 13, 1867, P. L. 78, and securing from the court of quarter sessions an order of support for three months, she has received support under the agreement for over four years and will be entitled to it as long as she lives.

Without entering further into the facts of the case there can be no question that the bill in equity filed by the appellant in this case was a bill for the enforcement of a contract for the payment of money and nothing more; and that the decree of the court entered in said suit was for the payment of money alone. An unbroken line of authorities, since the Act of 1842, supra, holds that such a decree will not be enforced by attachment of the person, as for contempt of court, in failing or refusing to make payment pursuant to the decree: *Colburn v. Colburn,* supra, p. 251; *Pierce's App.,* 103 Pa. 27, 29; *Ex relatione Scott v. The Jailer,* 1 Grant 237, 239; *Wilson v. Wilson,* 142 Pa. 247, 252, 21 A. 807; *Com. ex rel. DiGiacomo v. Heston,* 292 Pa. 63, 67, 68, 140 A. 533; *Ross v. Dever,* 298 Pa. 146, 148 A. 75; *Brierhurst Realty Co. v. Lembrecht,* 299 Pa. 9, 148 A. 863. The plaintiff will have to look to writ or writs of execution upon the property of the defendant for satisfaction of the decree. See Rules 76 and 86 of the Rules of Equity Practice.

The assignments of error are overruled and the order appealed from is affirmed at the costs of the appellant.