ROBERT E. MCALLISTER v. AMELIA ELIZABETH
MCALLISTER

3 So. (2nd) 351
En Banc
Opinion Filed July 1, 1941

*H. H. Taylor, Caldwell, Meginniss & Parker,* for Petitioner;

*Loftin, Calkins, Anderson & Scott,* for Respondent.

BUFORD, J.—This is the second appearance of this case here. It was before us on petition for writ of certiorari under our Rule 34 and on the 18th day of April, 1941, we entered our opinion and judgment quashing the writ.

In the opinion, *supra,* we had for review an order of the chancellor entered on March 18, 1941, as follows:

"This cause was heard on the plaintiff's application for a temporary injunction and a writ of *ne exeat* and was argued by counsel for the respective parties.

"The court is of the opinion that a ruling in this case should be deferred until the filing of the defendant's pleadings.

"IT IS, THEREUPON, ORDERED that the defendant do file his answer, in which he may incorporate a motion to dismiss, on or before March 27, 1941, and that the matter be set for argument before this Court at 10 o'clock A. M. on April 7, 1941.

"ORDERED AND DONE in Chambers at Miami, Florida, this March 18, 1941."

It was contended that the order was erroneous because the bill of complaint was filed February 20, 1941; alias summons was served March 13, 1941; notice of application for temporary injunction and for writ of *ne exeat* dated March 3, 1941, was also served March 13, 1941, and was brought on for hearing before the chancellor on March 18, 1941, and then the above stated order was entered, whereas Section 6 of Florida Chancery Act provides:

"The defendant shall file his written appearance, personally or by his solicitor, on the rule day to which the summons in chancery is made returnable, provided he has been served with process ten days before that date; otherwise, his appearance day shall be the next rule day succeeding the rule day to which the process is returnable."

In this connection we said:

"When the motion for temporary injunction and for writ of *ne exeat* came on for hearing the parties were before the court and the court had jurisdiction of the parties and the subject matter. Instead of acting then on the motion the chancellor entered the order complained of.

"It appears to us that the order was a reasonable one and it is not made to appear that such order worked any hardship or injustice on the petitioner. Certainly, it gave the defendant there adequate time to prepare and present his answer and motion to dismiss.

"We do not construe the statute, *supra,* to preclude the chancellor, under a proper showing made, from making such an order as was made under the circumstances of this case."

On March 27, 1941, defendant filed special appearance and motion to vacate the order of March 18, 1941.

On April 7, defendant filed his appearance but failed to file any answer or motion to dismiss. On the same day the chancellor entered an order, *inter alia, as* follows:

"And now on this 7th day of April, 1941, the matter came on to be heard further, the plaintiff appearing through her counsel and the defendant through his counsel, although the defendant had failed to file any

answer as permitted by the previous order or any motion to dismiss or any other papers save a special appearance and motion to set aside the order of March 18, 1941, and objections to interrogatories which had been propounded to him by the plaintiff. In the meantime the plaintiff's counsel, pursuant to due and legal notice, had taken the depositions of the plaintiff, Amelia E. McAllister and George Gordon Battle, Esq., which depositions had been returned and were opened by the Court, and the plaintiff produced A. G. Harkness, a deputy sheriff of Dade County, who testified of the difficulties experienced by the sheriff's office in obtaining service on the defendant, not only of the original summons in chancery and the alias summons and the notice of application for temporary injunction, but also the subpoena *duces tecum* requiring the defendant to appear in Court this morning and produce certain books and records. The defendant offered no evidence and made no objection to any offered by the plaintiff.

"And so the court finds from the uncontradicted evidence that the plaintiff and the defendant made a contract on November 21, 1939, a copy of which is attached to the Bill, whereby the defendant obligated himself to pay the plaintiff the sum of $300.00 each and every month beginning November 21, 1939, during her life or until she remarries, in full for her maintenance and support.

"The Court further finds from the uncontradicted testimony that the defendant made, or caused to be made such payments monthly up to and including October, 1940, but that he has made no payments since October, 1940, and is in arrears for the payments of $300.00 each due November 21, 1940, December 21,

1940, January 21, 1941, February 21, 1941, and March 21, 1941, a total of $1500.00.

"The Court further finds from the uncontradicted evidence that the payments that the defendant contracted to make were in lieu of alimony for which no provision was made in the decree of divorce entered by this Court on December 4, 1939, dissolving the bonds of matrimony between the parties.

"The Court further finds from the uncontradicted evidence that the plaintiff is a woman of small means and is in need of the moneys due her under the contract, for the necessaries of life, and that the defendant is a man of ample means and well able to make such payments.

"On the whole record, the defendant not having denied the making of the contract described in the Bill (the original of which is before the Court attached to the plaintiff's deposition) and not having denied that he had failed to make the payments thereunder since October, 1940, and having shown no reason why they should not be made, the Court is of the opinion that temporary relief should be given to the plaintiff as prayed in the bill.

"It is further ordered, adjudged and decreed that the defendant, Robert E. McAllister, do pay to the plaintiff, Amelia E. McAllister, the sum of $1500.00 within five days from the date of this order, a copy of which shall be served upon his counsel of record, H. H. Taylor, Esq.

"This decree is for temporary relief only, predicated upon the showing made before me and the apparent absence of any defense on the part of the defendant. It is not intended to be final or conclusive, nor to preclude either party from making other applications for

further relief as the circumstances might require. For that reason, jurisdiction of the cause is retained for all purposes."

On May 5, 1941, defendant filed motion to dismiss, stating the following grounds:

"It affirmatively appears by the allegations of said bill that a court of concurrent jurisdiction, to-wit: The Civil Court of Record of Dade County, Florida, first had possession of the subject matter of this suit.

"The bill does not set forth sufficient acts upon which equitable relief may be had by the plaintiff.

"The bill is without equity."

On May 13, 1941, the chancellor entered an order as follows:

"This cause coming on to be heard, after due notice, upon the motion of the plaintiff to strike from the files the defendant's motion to dismiss and his motion to strike parts of the bill of complaint, and the same having been argued by counsel for the respective parties, upon consideration thereof.

"IT IS ORDERED that plaintiff's motion be and it is hereby denied.

"This cause coming on further to be heard upon the defendant's motion to dismiss and the defendant's motion to strike parts of the bill of complaint, and such motions having been argued by counsel, upon consideration thereof.

"IT IS ORDERED that each of said motions of the defendant, severally, be and the same is hereby denied, and the defendant is required to answer the bill of complaint within ten days from the date of this order.

"This cause coming on further to be heard upon the defendant's objections to the interrogatories pro-

pounded to him by plaintiff herein and the same having been argued by counsel.

"IT IS ORDERED that the defendant's objection to interrogatory No. 12 be and it is hereby sustained and the defendant's objections to the remaining interrogatories be and they are hereby overruled and the defendant is required to answer, in writing and under oath, such interrogatories (except, interrogatory No. 12) within ten days from the date of this order."

Review is sought of the Order, *supra,* of April 7, and of the Order, *supra,* of May 13, 1941.

It has been stated at the bar of this Court by counsel for the respective parties that the order of April 7, *supra,* viz.: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant Robert E. McAllister, do pay to the plaintiff Amelia E. McAllister, the sum of $1500.00 within five days from the date of this order, a copy of which shall be served upon his counsel of record, H. H. Taylor, Esq.", has been fully complied with by defendant. It, therefore, follows that the defendant may not now be heard to urge our review of that order. So it is, we shall consider the validity and propriety of the order of May 13, *supra,* the pertinent part of which was to deny defendant's motion to dismiss and his motion to strike parts of the bill of complaint.

Insofar as the propriety and validity of the order of March 18, 1941, *supra,* is concerned, those matters have been set at rest by our opinion and judgment of April 18, 1941, *supra.*

However, in addition to what we said in that opinion, we may say that Section 6 of Florida Chancery Practice Act is not a matter of substantive law but is merely a rule of procedure enacted by the Legislature.

Courts are not bound to follow such statutory enactments when to follow them would be to obstruct justice. The courts may in the exercise of chancery jurisdiction require that to be done which is commended by equity and good conscience as long as the requirement does not destroy the constitutional rights of the parties. In the case of Bryan, *et al.,* v. State of Florida, 94 Fla. 908, 114 Sou. 773, we said:

"Should the Legislature seek to interfere with the inherent power of the court to regulate the conduct of its own business and by statutory enactment undertake to prescribe rules conceived by it to be better adapted for the orderly, efficient, economical administration of justice, the effort would be a vain attempt to encroach upon the powers, duties and functions of a coördinate and coeval branch of the government; for the power to make its own rules for the conduct of its business is inherent in the court. It exists independent of statute. It is not absolute but subject to limitations based on reasonableness and conformity to constitutional statutory provisions of general law. See Smith v. Guckenheimer, 42 Fla. 1, 27 South. Rep. 900; Goodwin v. Bickford, 20 Okla. 91, 93 Pac. Rep. 548, 129 Am. St. Rep. 729; Stevenson v. Milwaukee County, 140 Wis. 14, 121 N. W. Rep. 654, 17 Ann. Cas. 901."

And further in that opinion we said:

"Other provisions of the statute requiring this Court to proceed to consideration of the cause upon the record and briefs and to give immediate consideration to the appeal do not constitute an effort on the part of the Legislature to control the discretion of this Court in the matter of the orderly and efficient transaction of its own business. The causes will in obedi-

ence to the requirements of the statute be given preference over other causes as the statute directs, but the speed with which the court will dispose of such cases and finality of its decisions in such matters will be controlled by its own rules of procedure."

In State *ex rel.* Buckwalter v. City of Lakeland, 112 Fla. 200, 150 Sou. 208, we said:

"It may be said as a general rule that whatever power is conferred upon the courts by the Constitution cannot be enlarged or abridged by the Legislature. Robinson v. Durant, 36 Utah 63, 104 Pac. 764; 15 C. J. 731; *In Re* Albori, 95 Cal. A-42; 272 Pac. 321. This rule is also stated as follows: 'The Legislature cannot lawfully interfere with the subsistence of the judicial power and discretion vested in the courts by the Constitution nor hamper nor hinder the free and independent exercise thereof.' See Safford v. Brevard County, 92 Fla. 617, 110 Sou. 451."

See also authorities as follows: "Solimeto v. State, 122 N. E. 578, 188 Ind. 170; Roberts v. Donahoe, 191 Ind. 98, 131 N. E. 33; State v. Roy, 40 New Mexico 397, 60 Pac. (2d) 646; *In Re* Constitutionality of Section 251.18, 204 Wis. 501, 236 N. W. 717, Kolkman v. People, 89 Cal. 8, 300 Pac. 575; State *ex rel.* Foster-Wyman Co. v. Superior Court, 148 Wash. 1, 267 Pac. 770." See also Demos v. Walker, 99 Fla. 302, 126 So. 305.

This statutory rule of procedure (Sec. 6 of the 1931 Chancery Practice Act) must be read and considered *in paria materia* with the recognition of the inherent power of courts to shorten or extend the time within which pleadings may be filed when the ends of justice require the exercise of such power and when the or-

ganic rights of the parties are duly regarded and preserved.

On April 7, 1941, the time set for hearing under order of March 18, defendant presented no motion for extension of time to file answer, made no representation to the court that he had any good defence to the suit. In fact, he has not yet averred that he has any valid defense to interpose. His sole contention appears to be that the court was without power to require him to present his defense, if any he might have, before the second rule day after the date of service of process because to do so would be to disregard orderly procedure.

Orderly process may be conceded to be essential to the validity of judicial orders, but there is no absence of orderly process shown here. It is true the usual statutory procedure was not followed but the court below, for good reason shown, in an orderly manner, made its orders to govern the progress of the cause, giving the defendant ample time and opportunity to be heard and to have his day in court. This satisfied organic law and promoted justice.

This brings us to the question as to whether or not there is equity in the bill of complaint. The suit was to enforce specific performance of a contract entered into between the parties on the 21st day of November, 1939, wherein they assumed to permanently settle their property obligations to each other as husband and wife and wherein, amongst other things, it was agreed:

"The first party agrees to pay to the second party the sum of Three Hundred ($300.00) Dollars per month in full for her maintenance and support during her life or until she remarries, the said payments to

be made on the 21st day of each month, commencing on the 21st day of November, 1939.

"2. The second party agrees to accept the said sum of Three Hundred Dollars per month in full for her maintenance and support."

The bill of complaint avers sufficient facts to show that a valid contract was made; that the defendant who was at the time of the agreement the husband of the plaintiff, breached the contract and for several months failed and refused to pay the monthly installments of $300.00 as promised. It shows that although plaintiff had filed suit in the civil court of record against the defendant to collect three installments of $300.00 each she had been unable to get service of process on the defendant. It shows that suit in law would not afford plaintiff full, adequate and complete relief and that she was without full, adequate and complete relief, except in a court of equity.

Whether the suit be termed one for specific performance or a suit to enforce the terms of the property settlement and maintenance agreement is immaterial, because the courts will look to the substance and not to the form and, after all, a suit to enforce the terms of a property and maintenance agreement is a suit for specific performance of the agreement.

That the specific performance of a contract is a matter of equitable cognizance is elementary and that such relief is appropriate in a case of this sort is settled in this jurisdiction in our opinion and judgment in Hagen v. Viney, 124 Fla. 747, 169 Sou. 391; however, the defendant says the plaintiff had chosen the forum in which to try her action and, therefore, she cannot seek relief in a court of concurrent jurisdiction. The fallacy of that position is that in the suit in the

civil court of record plaintiff sought to collect $900.00 for three months default in the payments due her under the contract, while in this case she seeks an order of the court which will require the defendant to now and hereafter specifically perform the terms of that contract. The point was made in the case of Meyer v. Fla. Home Finders, 90 Fla. 128, 105 Sou. 268. There the defendant in an equity suit plead a former action pending in the lower court and we held:

"In order to sustain the plea presented here for our determination it must show that the 'former pending action' and the bill for subrogation involve the same cause of action; that is, both actions must be of the same character, for the same cause and relief must be in all respects identical. I R. C. L. 13. I Corpus Juris 66, supported by many authorities, prescribes the following test for determining the sufficiency of such pleas:

"(1) 'Clearly, in order to hold the subsequent suit to be unnecessary, it is an essential prerequisite that the judgment in the former or prior action should be conclusive between the parties and operate as a bar to the second.' In other words, if a final judgment in the former suit would support a plea of *res adjudicata* in the subsequent suit, the suits are identical for this purpose; otherwise, they are not. (2) 'Many cases apply the following test: Was full and adequate relief obtainable in the prior action?' If so, the second action was improperly brought and is abatable; if not, the objection will be overruled. This, as we shall see, is a generally recognized rule. (3) 'A test having the support of some of the cases is this: Will the same evidence support both actions?' (4) 'A fourth test supported by English and

Canadian authorities is: Could the bill in the second suit have been produced by a fair amendment of the first?' "

As pointed out above, the relief sought was not identical.

It will be observed that in the order of May 13, 1941, *supra,* the court allowed the defendant to answer the bill of complaint within ten days from the date of that order. That time has now expired.

So it is, the writ of certiorari is granted for the purpose of this review, and, no error having been made to appear, the writ of certiorari is quashed and the cause remanded with directions that the defendant be allowed ten days from the going down of the mandate in which to file his answer in the court below, if he be so advised.

So ordered.

Aside from the matters above determined, the respondent has filed petition here praying that this Court grant an order requiring petitioner for certiorari to pay to respondent reasonable sums for suit money and her solicitor's fees.

There is no basis, either in the contract or in law, for an order of this Court requiring the defendant to pay such items. Plaintiff in the court below, respondent here, is no longer the wife of Robert E. McAllister and her rights are based on the contract between the parties and not upon any duty accruing to her by reason of the marital relation. See Vinson v. Vinson, 139 Fla. 146, 190 So. 454. All court costs incident to this appeal will be taxed against the petitioner.

So ordered.

WHITFIELD, TERRELL, CHAPMAN and ADAMS, J. J., concur.

BROWN, C. J., concurs in conclusion.