## Ward v. Ward

*H. Ober Hess*, for complainant.

*Fox & McTighe*, for respondent.

DANNEHOWER, J., November 12, 1942.—This is a bill in equity for the specific performance of an oral contract made between two brothers for the support, maintenance, and nursing of their aged and invalid parents.

The bill alleges that defendant brother orally agreed to pay $30 monthly to the plaintiff brother, who was to take his invalid parents into his home, maintain them, nurse them, and give them care of every kind and nature not requiring hospitalization, as long as both parents should continue to live; that plaintiff has complied with the oral agreement, and defendant paid from September 1937 to July 1, 1940, when he refused to comply with the agreement; that plaintiff has maintained said parents at a monthly cost of $160; that an application for public assistance was rejected because of the sons' financial and legal responsibility; wherefore plaintiff seeks a decree of specific performance directing defendant to pay $30 monthly from July 1, 1940, and in the future so long as both parents shall live, or a decree in the alternative that defendant be ordered to pay one half of the fair cost and value of such maintenance from July 1940 and in the future so long as both parents shall live; also for a bond and general relief.

To this bill defendant has filed preliminary objections, alleging that equity has no jurisdiction to enforce an oral contract for the payment of money and that there is an adequate remedy at law.

While plaintiff may have a remedy at law by a suit in assumpsit for the arrearages, that remedy is not complete and adequate, nor is it the exclusive remedy. Equity will entertain a bill by the wife to enforce her rights under a separation agreement providing for the payment of money: Stull v. Stull, 126 Pa. Superior Ct. 255; Colburn v. Colburn, 279 Pa. 249.

In the instant case we have an oral contract, partially performed, where there exists a statutory duty upon a son to support a parent. One son has performed and is performing his part of the agreement; the other refuses to perform his. We see no good reason why a family agreement or compromise of this kind should not be specifically enforced, providing for payments

that are due and those to become due in the future, and thus afford complete relief at one and the same time.

And now, November 12, 1942, for the foregoing reasons, the preliminary objections to the bill in equity are hereby dismissed.