Commonwealth *v.* Flickinger, Appellant.

Argued April 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*James C. Lanshe,* for appellant.

*Ralph B. Umsted,* Deputy Attorney General, with him *Kenneth H. Koch,* District Attorney and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, May 22, 1950:

Does the Act of June 21, 1947, P. L. 911, which makes it a crime to possess 200 or more untaxed cigarettes,[1] unconstitutionally interfere with interstate commerce? That is the sole substantial question raised by this appeal.

---

[1] The Act provides: "Whosoever . . . shall have in his possession two hundred (200) or more cigarettes upon which State cigarette tax has not been paid, . . . shall upon conviction thereof, in a summary proceeding, be sentenced to pay a fine of not more than twenty-five dollars ($25.00) and costs of prosecution for each two hundred (200) cigarettes found in his possession . . ."

On or before July 13, 1948, Alfred D. Flickinger, defendant, purchased 350 cartons of 200 cigarettes each in Wilmington, Delaware. The following evening, 332 of those cartons, upon which no Pennsylvania tax had been paid, were found in the trunk of his automobile while it was parked in the rear of his home in the City of Allentown, Lehigh County. Defendant intended to sell those cigarettes, without paying any Pennsylvania tax on them, wherever he might find customers. He was brought before an alderman who found him guilty of having in his possession 332 cartons of untaxed cigarettes in violation of the Act of 1947. An appeal was taken to the Court of Quarter Sessions which, after hearing testimony, made the above findings of fact and sentenced defendant to pay a fine of $5.00 per carton or $1660. The Superior Court unanimously affirmed that judgment and this appeal followed.

The Act of 1947 was passed to prevent evasion of the tax imposed by the Cigarette Tax Act of June 14, 1935, P. L. 341, as amended, and must be read in conjunction with it. In enacting the 1947 statute the legislature was exercising its police power by providing penalties for failure to comply with the Cigarette Tax Act. Defendant, while attacking the 1947 Act, supra, has inferentially questioned the constitutionality of the 1935 Act. A proper disposition of the issue raised requires therefore consideration of the validity of both Acts, for if the 1935 Act is unconstitutional, the 1947 Act is likewise unenforceable.

Defendant contends that a carton of cigarettes is an "original package" and therefore any attempt to levy a tax on cartons of cigarettes transported from another state is an unconstitutional interference with interstate commerce. In answering this argument it is not necessary to determine whether a carton of cigarettes is an original package. Assuming arguendo that it is, the Supreme Court of the United States has repeatedly held

that goods transported in interstate commerce are subject to tax when they have reached their destination and become part of the mass of property within the taxing state even though such goods are still in the original packages: *Henneford v. Silas Mason Co.*, 300 U. S. 577, 582; *Wiloil Corp. v. Pennsylvania*, 294 U. S. 169, 175.

Defendant purchased the cigarettes in Delaware and returned with them to his home in Allentown. That was not merely a temporary stopping point. He had reached his home, his ultimate destination. It was the termination of the interstate trip. It is true that he intended to resell those cigarettes wherever he might find customers for them and that might have resulted in sales in other states. However, that would not have been a continuation of the interstate transportation from Delaware but rather would have been a new and distinct journey originating in Pennsylvania. No tax immunity can be derived because defendant might at his own whim eventually decide to transport goods from one state to another for resale: *Superior Oil Co. v. Mississippi*, 280 U. S. 390. The cigarettes had reached their destination and become a part of the mass of property within this Commonwealth. Therefore, the Commonwealth had the right to tax them.

Nor does the cigarette tax discriminate against, or place an undue burden on interstate commerce. The tax is levied on all cigarettes found in this Commonwealth and "The commerce clause does not prevent taxation of goods by the State in which they are found merely because brought from another State, for that would unduly trammel state power of taxation and produce gross inequality and injustice.": *Wiloil Corp. v. Pennsylvania*, supra at 174; *Woodruff v. Parham*, 8 Wall. 123. Where the tax burden is imposed equally on all goods coming to rest in a state, without regard to point of origin, it is not discriminatory against interstate commerce: *Gregg Dyeing Co. v. Query*, 286 U. S. 472.

Defendant then argues that even though the tax be valid the Act of 1947, by making it a crime to possess untaxed cigarettes, establishes an effective barrier to interstate commerce. However, in the words of Mr. Justice ROBERTS in *Milk Board v. Eisenberg*, 306 U. S. 346, 351: "Every state police statute necessarily will affect interstate commerce in some degree, but such a statute does not run counter to the grant of Congressional power merely because it incidentally or indirectly involves or burdens interstate commerce." Such is the case here. The Act of 1947 is aimed at preventing tax evasion. It is equally applicable whether the untaxed cigarettes were bought in Pennsylvania or in another state and transported here. It does not prohibit cigarettes from being brought across the state line but rather prescribes a penalty for a person failing to pay the Pennsylvania tax on such cigarettes. Any diminution of interstate commerce which might possibly result from this Act is merely incidental to the valid exercise of the police power by the Pennsylvania Legislature. To hold such an act unconstitutional would be to permit wholesale avoidance of legally imposed taxes.

Defendant also urges that the Act of 1947 is unconstitutional because it denies him equal protection of law and deprives him of his property without due process. However, the same considerations which have been discussed above apply equally to these contentions: *Gregg Dyeing Co. v. Query*, supra; *Gen. Amer. Tank Car Corp. v. Day*, 270 U. S. 367.

Nor is there any merit to the argument that the penalty provisions of the statute are too extreme. The statute provides for fines of *not more than* $25.00 per carton. There is no provision requiring that the maximum fine be assessed in all cases. In fact the penalty here imposed was only one-fifth of that maximum in spite of the flagrance of the violation. The actual fine to be levied is left to the sound discretion of the sen-

tencing judge who has before him all of the facts of the particular case. In the instant case it is quite clear that the learned judge did not abuse his discretion.

The Acts of 1935 and 1947 are constitutional and defendant was properly convicted under the latter statute.

Judgment and sentence affirmed.