## Commonwealth v. Forry

*Daniel W. Shoemaker*, for Commonwealth.

*Victor Dell'Alba*, for defendant.

ATKINS, P. J., March 11, 1963.—In this case Corporal Cockran of the Pennsylvania State Police received a call from a reporter for the Chicago Tribune at 5:30 a.m., June 26, 1962. The reporter told the officer that federal agents had raided the premises of Empire Press, Inc., in Chicago, a firm that was engaged in the manufacture of punch boards and there were found records indicating shipments of punch boards to defendant. About an hour later the officer received a call from a U. S. Deputy Attorney General giving the same information gotten from the reporter.

The officer then called someone in York known to the officer as being familiar with this kind of activity

who reported that defendant was a distributor of punch boards and that if a search were made of his home, punch boards would be found in the basement.

On the basis of this information a search warrant was obtained and the ensuing search made in the afternoon about 1:30 or 2:00 o'clock. The officers found about 4,000 punch boards, 4 horoscope machines, which is a gambling device, with 104,000 tickets for them, a quantity of fish bowl tickets, and 13 slot machines.

Defendant contends that the officer did not have probable cause to secure the search warrant.

At the trial he argued that the boards were in interstate commerce and, therefore, not subject to the penal laws of Pennsylvania. We do not agree with this proposition, but even if it were a valid argument, the interstate commerce had ceased. Furthermore, contraband may be searched for and seized by Commonwealth officers while in interestate commerce: Commonwealth v. Flickinger, 365 Pa. 59.

Defendant argues that defendant cannot be convicted under section 603 of the Penal Code on mere possession of gambling devices. With this we agree and so told the jury in this language, "Now you cannot convict this man solely on the fact of possession," and again, "On the other hand, if all that he did was to have these materials stored in his possession, that standing alone would not constitute this crime."

We did point out to the jury that if they found beyond a reasonable doubt that he maintained these devices to win or gain money or other property of value or aided or assisted others to do the same, he could be convicted.

In Commonwealth v. Cancilleri, 166 Pa. Superior Ct. 1, it was held that the jury could infer an intent to use the devices for gambling where they were such that they could be put to no other use.

We think defendant was fairly tried and that the evidence sustains the jury's verdict.

And now, to wit, February 25th, 1963, it is ordered, adjudged and decreed that defendant's motions for new trial and in arrest of judgment be and are hereby refused and defendant is directed to appear for sentence on Monday, March 11, 1963, at 10 o'clock a.m. Exception to defendant.