Cathcart, Appellant, *v.* Crumlish.

254

Argued November 29, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Samuel Dash,* with him *Morton Witkin,* and *Witkin and Egan,* and *Dash and Levy,* for appellants.

*David Berger,* City Solicitor, with him *Levy Anderson,* First Deputy City Solicitor, for appellee.

OPINION BY MR. JUSTICE COHEN, March 19, 1963:

In pursuance of an investigation he was conducting, the district attorney of Philadelphia issued subpoenas commanding appellants to appear at his office on November 27, 1961 to testify on certain matters then under investigation. These subpoenas were issued on the alleged authority of section 8-409 of the Philadelphia Home Rule Charter. Appellants filed complaints in equity on November 22, 1961, seeking to enjoin the district attorney from requiring them to appear and tes-

tify. After hearing argument, the lower court dismissed appellants' complaint, holding, inter alia, that section 8-409 of the Philadelphia Home Rule Charter empowered the district attorney to issue subpoenas. An appeal to this Court was then taken.

While this is not the typical case seeking to enjoin criminal proceedings, which the courts have traditionally refused to entertain,[1] nevertheless this action has all the earmarks of an intrusion into law enforcement processes which should be looked upon with great circumspection. Despite the fact that litigants are not always sensitive to this problem, courts should be alert to question the invocation of equitable jurisdiction where its use might obstruct the functioning of the district attorney's office.

Even though appellee does not raise the question, as an appellate court we must take cognizance of the lack of equitable jurisdiction in the court below since section 8-409[2] of the Philadelphia Home Rule Charter

[1] See, e.g., *Cooper v. McDermott*, 399 Pa. 160, 159 A. 2d 486 (1960).

[2] "Section 8-409. Power to Obtain Attendance of Witnesses and Production of Documents. Every officer, department, board or commission authorized to hold hearings or conduct investigations shall have power to compel the attendance of witnesses and the production of documents and other evidence and for that purpose it may issue subpoenas requiring the attendance of persons and the production of documents and cause them to be served in any part of the City. If any witness shall refuse to testify as to any fact within his knowledge or to produce any documents within his possession or under his control, the facts relating to such refusal shall forthwith be reported to any one of the Courts of Common Pleas of Philadelphia County and all questions arising upon such refusal and also upon any new evidence not included in the report, which new evidence may be offered either in behalf of or against such witness, shall as promptly as possible be heard by such court. If the court shall determine that the testimony or document required of such witness is legally competent and ought to be given or produced by him, the court may make an order commanding

prescribes a specific statutory procedure wherein the validity of subpoena issued under this section may be tested. See *Stahl, Attorney General v. Insurance Company of North America*, 408 Pa. 483, 486, 184 A. 2d 568 (1962). This section provides for the district attorney to report any non-compliance to a common pleas court which shall promptly hear arguments on the validity of the subpoena. Under the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 P.S. §156, it has long been held in various contexts that where a remedy or method of procedure is provided by an act,[3] those procedures should be followed exclusively. See, e.g., *Knup v. Philadelphia*, 386 Pa. 350, 126 A. 2d 399 (1956).[4] Applying this principle to the case before us, we conclude that appellants cannot question the validity of the subpoena until they are called before the common pleas court.[5]

Equity jurisdiction is also divested because of the presence of an *adequate* remedy at law. The remedy is adequate since appellants will suffer no irreparable harm, or for that matter any harm at all, if they have to wait until the district attorney invokes the enforce-

---

such witness to testify or to produce documents or do both and if the witness shall thereafter refuse so to testify or so to produce documents in disobedience of such order of the court, the court may deal with the witness as in other cases."

[3] In *Addison Case*, 385 Pa. 48, 57, 122 A. 2d 272, 275 (1956), the Philadelphia Home Rule Charter was held to have the status of a legislative enactment.

[4] See also *Pittsburgh Coal Company v. Forward Township School District*, 366 Pa. 489, 494, 78 A. 2d 253, 256 (1951) ; *Bartron v. Northampton County*, 342 Pa. 163, 19 A. 2d 263 (1941) ; *Philadelphia v. Sam Bobman Department Store Company*, 189 Pa. Superior Ct. 72, 149 A. 2d 518 (1959).

[5] We should also note that at this stage of the proceedings, appellants' action seems premature since there always remains the possibility that for one reason or another the district attorney will not bring an enforcement action in the common pleas court.

ment procedures before they can contest the subpoena. Unlike a judicial subpoena, public officers who are allegedly vested with subpoena power under section 8-409 are not given the power to enforce compliance. Disobedience is not punishable by imprisonment or fine unless it continues after a court has ordered compliance. See Annotation to §8-409, Philadelphia Home Rule Charter. Therefore, appellants are not placed in the unfortunate dilemma of having to disobey the district attorney's subpoenas at their peril in order to contest their validity.

The two cases cited by appellees are distinguishable on this ground. In both *Annenberg v. Roberts,* 333 Pa. 203, 215, 2 A. 2d 612, 618 (1938) and *Germantown Trust Co. v. Powell,* 260 Pa. 181, 103 Atl. 596 (1918), it was not necessary to obtain a court order commanding the parties to obey before they were subject to penalties provided in the applicable statutes.[6] Unlike the instant case, the applicants for injunctive relief in those cases had to act at their peril in order to test the validity of the demand for documents.

Since equity was without jurisdiction, we conclude that the decree of the court below must be vacated.

Decree vacated at appellants' costs.

---

[6] See Act of October 11, 1938, P. L. 77, §3 and Act of June 7, 1915, P. L. 878, §§10 & 13.