Silvestri, Appellant, *v.* Slatowski.

Submitted April 22, 1966. Before BELL, C.J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Peter J. Smith,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE EAGEN, November 15, 1966:

The parties to this action, Katherine Silvestri and Stephen Slatowski, were married in Pennsylvania on April 9, 1955. In November 1963, the husband instituted an action for divorce in the Commonwealth of Virginia. The wife, a resident of Pennsylvania, voluntarily entered an appearance in the action and submitted herself to the jurisdiction of the court.

In February 1964, the parties executed a written agreement, entitled "Property Settlement and Stipulation." The wife signed the contract in Pennsylvania, the husband in Virginia. Therein, the husband agreed, inter alia, to pay his wife, until she died or remarried, a stated sum each week for her support and maintenance.

In April 1964, the Virginia court entered a final decree in divorce *a vinculo matrimonii* in favor of the

husband with the property settlement being "ratified, confirmed and made part of [the] decree."

In December 1964,[1] the wife filed a complaint in assumpsit in Delaware County, Pennsylvania, alleging default in payments due under the property settlement contract and seeking payment, not only of arrearages due, but relief in the form of an order that would insure future compliance.

After an answer was filed, the parties entered into a stipulation transferring the case to the equity side of the court. It was further agreed that, after hearing, if the chancellor decided equity lacked jurisdiction, he could retransfer the action to the law side of the court and enter a decision as if it were heard in that court before a judge sitting without a jury.

The issue came on for hearing. The facts were stipulated of record. Subsequently, the chancellor, concluding that equity lacked jurisdiction, entered an order directing that the case be transferred to the law side of the court. On the same day, he entered an adjudication on the law side of the court in the form of a decree nisi, awarding the wife a verdict for the money due and unpaid under the contract up to the time of hearing. Exceptions were filed by both parties which the court en banc later dismissed. The wife filed this appeal.[2]

The appeal presents four separate questions which will be discussed ad seriatim.

---

[1] Both parties at this time were residents of Pennsylvania.

[2] While the instant appeal is from a judgment entered in the court of common pleas for an amount less than that required to give us appellate jurisdiction (See Act of August 14, 1963, P. L. 819, §1, 17 P.S. §184), it is clear that the judgment was erroneously entered and the issue properly belongs in equity. The Supreme Court has appellate jurisdiction in all actions and proceedings in equity. See Act of 1963, supra, §2, 17 P.S. §191.4.

(1) Did the property settlement contract and the divorce decree merge thus precluding a separate action on the contract itself? If a merger were effected, then the only avenue of enforcement would be in proceedings in connection with the divorce action. See, *Horan v. Horan*, 259 Ala. 117, 65 So. 2d 486 (1953). As to whether or not a merger resulted under the facts presented, the jurisdictions do not agree. See, *Petty v. Petty*, 167 Kan. 510, 207 P. 2d 428 (1949); *Stewart v. Clowes*, 55 N.Y.S. 2d 597 (1945); and *Tieso v. Tieso*, 67 Cal. App. 2d 872, 155 P. 2d 659 (1945). However, it is clear that under the law of the Commonwealth of Virginia a merger did not take place. See, *Henebry v. Henebry*, 185 Va. 320, 38 S.E. 2d 320 (1946). Since Virginia was the forum of the divorce action and the ramifications of a decree of a court of that Commonwealth are involved, the law thereof is controlling on the merger question, and hence, a separate action on the contract may be maintained.

(2) Since a merger was not effected, does the law of the Commonwealth of Virginia or that of the Commonwealth of Pennsylvania control in determining whether equity has jurisdiction to decree specific performance? The lower court ruled the law of Virginia was controlling. With this, we disagree.

It has long been the law in Pennsylvania that in matters relating to the enforcement of a contract or in matters concerning the remedy for breach of a contract, the lex fori, or the law of the place where such remedies are pursued applies. See, *Musser v. Stauffer*, 192 Pa. 398, 43 A. 1018 (1899); *Brooke v. N.Y. Lake Erie and West. R. R. Co.*, 108 Pa. 529, 1 A. 206 (1885); and, *Watson v. Brewster*, 1 Pa. 381 (1845). We are not here concerned with the validity or construction of the contract or related questions, which would necessitate the application of conflict of laws principles. Rather are we concerned with whether

equity has jurisdiction to enforce a remedy for the contract's breach. See, *Harrington v. Harrington,* 142 N.J. Eq. 684, 61 A. 2d 466 (1948). A question of the availability of remedies is governed by the lex fori, i. e., Pennsylvania.

(3) Under the law of Pennsylvania, does equity have jurisdiction to decree specific performance of future payments due under a contract such as here involved?

On the theory that a wife's disability deprived her of an adequate remedy at law, this state and other jurisdictions ruled years ago, that equity does have jurisdiction to enforce support agreements. See, *Smith v. Knowles,* 2 Grant Cas. 413 (Pa. 1855), and *Anderson v. Anderson,* 1 Edward Ch. 380 (N.Y. 1832). While the reason upon which these decisions were based is not present today, courts have continued to rule in favor of equity's jurisdiction in such cases, because of the difficulties present in enforcing such contracts at law. See, *McAllister v. McAllister,* 147 Fla. 647, 3 So. 2d 351 (1941) ; *Peters v. Peters,* 20 Del. Ch. 28, 169 A. 298 (1933) ; and, *Richards v. Richards,* 270 Mass. 113, 169 N.E. 891 (1930). These decisions have not made a distinction between arrearages and future payments due. Additionally, the Superior Court of Pennsylvania has ruled that equity has jurisdiction and that an order enforcing future payments is proper. See, *Stull v. Stull,* 126 Pa. Superior Ct. 255, 191 A. 187 (1937), and *Adams v. Adams,* 32 Pa. Superior Ct. 353 (1907).

We conclude that equity has jurisdiction in this action and may decree specific performance. The payments due are clear and unchangeable. A multiplicity of suits at law will be obviated.

(4) Does equity have the power to enforce specific performance of the contract by attachment of the

defaulting husband? This question is premature, and we will not decide it.

It has nowhere been demonstrated, that the husband defendant will refuse to obey an order of specific performance, or that attachment is equitable and necessary. Nor was the question of attachment before the court below. We will not anticipate questions which are beyond the record. See, *Commonwealth v. Flickinger*, 165 Pa. Superior Ct. 95, 67 A. 2d 779 (1949), aff'd 365 Pa. 59, 73 A. 2d 652 (1950), cert. denied, 340 U.S. 843 (1949). Compare also, *Cathcart v. Crumlish*, 410 Pa. 253, 189 A. 2d 243 (1963).

We note in passing that this Court has previously ruled that attachment of the person may not issue in this type of case: *Colburn v. Colburn*, 279 Pa. 249, 123 A. 775 (1924). Appellant asks us to reconsider *Colburn*. This we refuse to do on the present posture of the record.

Judgment reversed, and record remanded with directions to proceed in accordance with this opinion. Costs on appellee.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN is of the opinion that the appeal should be certified to the Superior Court.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent.

The law governing the validity and interpretation of the Property Settlement and Stipulation Agreement is that of Virginia, but the law controlling the procedure and the remedies is that of the forum, i.e., Pennsylvania. It is my belief that the Property Settlement Agreement was merged in, and according to the clear language of the Virginia Court decree, became and was "made part of [the divorce] decree." *Higgins v. McFarland*, 196 Va. 889, 86 S.E. 2d 168, 172 (1955).

504

Plaintiff may bring an action in Pennsylvania in assumpsit for the arrears owed by defendant under the Property Agreement, but Equity does not have jurisdiction to decree specific performance nor at this time to make any Order or decision with respect to future payments called for by the Agreement.

Plaintiff has an adequate remedy under the Uniform Reciprocal Enforcement of Support Act* for the support provided for in the Virginia decree, and also an adequate remedy in assumpsit.

Mr. Justice MUSMANNO joins in this dissenting opinion.

* Act of May 10, 1951, P. L. 279, as amended and supplemented, 62 P.S. §2043.1 et seq.