## Watson v. Watson

*Vram Nedurian*, for plaintiffs.
*Michael L. Murphy,* for defendant.

KURTZ, J., September 25, 1970.—This is an action for the specific performance of a written agreement pertaining to the custody and support of the parties' children. Two of these children are now living with defendant. It is not contended that he is liable for their support under the terms of the agreement. He does not contest his obligation to support a third child, Ellen, who lives with plaintiff. However, as to her, he takes the position that he ought not to be compelled to pay the amounts stipulated in the agreement. He denies that plaintiff is entitled to support for the fourth child, Christine. The pleadings consist of a complaint and an answer.

## FINDINGS OF FACT

1. On January 29, 1969, Edward N. Watson and Theresa K. Watson entered into a written agreement for the custody and support of their four minor children, which provided, inter alia, as follows:

"5. *Support.* The father shall pay to the mother for the support of their four children, the sum of one hundred fifteen ($115) dollars per week, on Friday of each week, until an emancipation event occurs . . .

"(b) Upon the occurrence of an emancipation event as hereinabove defined, the obligation for the support as each child is emancipated shall be reduced by

twenty per cent, and when the last child is emancipated, the obligation shall be terminated.

"(c) *Emancipation Event.* With respect to a child the emancipation event shall occur or be deemed to have occurred upon the earliest happening of any of the following:

"(1) reaching the age of 21 years, unless the child is then pursuing a course of studý in a college or university as a full time day student, and then only after the child has completed his or her course of study in such college or university;

"(2) marriage;

"(3) permanent residence away from the residence of the mother. (a residence at boarding school, camp or college is not to be deemed a residence away from the mother);

"(4) . . . .

"(5) . . . .

"(6) engaging in full time employment, upon and after attaining by the child of 18 years of age, except and provided that engaging by the child in partial, parttime or summer employment shall not be deemed an emancipation event."

2. The father made the payments provided for in said agreement until November 30, 1969, on which due date he paid nothing. Since that time he has made one payment of $150 on December 7, 1969.

3. Two of the children, the beneficiaries of the agreement are presently residing with the father and have been residing with him from a time prior to November 30, 1969. Of the two remaining children, Ellen is presently residing in her mother's home and Christine, age 20, is no longer in that home but is residing at another location. She is undergoing psychiatric treatment and is pregnant although she is not married.

4. Christine was graduated from high school in June of 1968. She attended the Delaware County Extension of the Pennsylvania State University as a freshman from the fall of 1968 until June of 1969. She skipped the fall semester in 1969 but returned to school in January of 1970, and now lacks three credits in the completion of her sophomore year's work. She plans to complete her college education when she is able to do so. She has done part-time employment at the Narberth Animal Hospital on Saturdays, and at other times during vacations and during the summer of 1968 worked for John Wanamaker's.

5. At the time of the execution of the agreement, defendant was engaged in the business of building and land development. His income tax return for the year 1968 showed a net loss from the operation of that business during that calendar year in the amount of $895.08, which included a deduction for depreciation in the amount of $1,188.66. A joint return filed with his wife for that year shows dividend income from securities which have since been sold. He estimates that for the year 1969 his net income from the pursuit of his business was in the neighborhood of $3,000, and that for the year 1970 it will be about $5,500. He has remarried and is living in a home which he constructed at a cost of $23,000, which is subject to a mortgage. The land upon which the home is located was purchased by his present wife at a cost of $5,000.

## DISCUSSION

Although defendant contends that he entered into the agreement upon which this suit is based because of the coercion exerted upon him by plaintiff and her attorney, we find no evidence of coercion upon this record. At the time the agreement was executed, defendant was a businessman of considerable experience and was satisfied to sign the agreement without

independent advice by counsel, relying upon his own judgment and consultations with his wife's attorney in making that decision.

We do not think that the daughter, Christine, has been emancipated under the terms of the agreement. Neither do we think that her incapacity to work or go to school at this time because of her illegitimate pregnancy is justification for relieving her father of his obligation to support.

Defendant's contention that the terms of the agreement should be modified because his financial circumstances have changed since the agreement was made fails to give proper consideration to the nature and character of this action. It is an action for the specific performance of a written contract. Equity is possessed of jurisdiction in this type of case to avoid a multiplicity of suits: Silvestri v. Slatowsky, 423 Pa. 498 (1966). In such an action, the chancellor must decide whether the contract sued upon should be specifically enforced. He should not decide whether that contract should be modified and thereafter create a new contract between the parties through modification. In essence, that is what this defendant would have us do in this instance.

## CONCLUSIONS OF LAW

1. The agreement sued upon is valid and enforceable.

2. The daughter, Christine, is entitled to the benefits of the agreement.

3. The terms of the agreement may be specifically enforced on behalf of the children, Christine and Ellen.

## DECREE NISI

And now, September 25, 1970, judgment is entered in favor of plaintiff and against defendant in the amount of $2,978, and it is further decreed that defen-

dant shall pay to plaintiff the sum of $69 weekly for the support of his daughters, Ellen and Christine. Defendant will pay the costs.