## Avolio v. Avolio

*James R. Silvis*, for plaintiff.
*Rabe F. Marsh*, for defendant.

MIHALICH, *J.*, May 21, 1985—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint in equity for specific performance of a contract for support.

Plaintiff Edith Avolio filed a complaint in equity seeking specific performance of a contract for support. The contract was entered into by plaintiff, her late husband and defendant Salvatore F. Avolio. Defendant Salvatore F. Avolio is the son of plaintiff Edith Avolio.

The complaint alleges that, by oral agreement, plaintiff and her late husband agreed to transfer all of their shares of stock in the business known as the Jeannette Importing Company to defendant. Defendant, in consideration of the stock transfer, agreed to pay $500 per week for the support of plaintiff and her late husband, and the survivor of them, for and during the term of their lives. The complaint further alleges that the shares of stock were transferred to defendant and that defendant commenced paying $500 per week in 1977 until the death of plaintiff's husband on December 20, 1983, at which time defendant refused to make any further payments.

Plaintiff requests the court to specifically enforce the contract of support by ordering defendant to pay the sum of $500 per week to plaintiff along with the accrued arrearages. Defendant has filed preliminary objections contending that plaintiff has failed to state a cause of action in equity and seeking a more specific pleading.

The issue before this court is whether equity has jurisdiction to decree specific performance of future payments due under the parties' support agreement. This court does have equitable jurisdiction to enforce the support agreement.

In the case of Silvestri v. Slatowski, 423 Pa. 498, 224 A.2d 212 (1966), the Pennsylvania Supreme Court held equity does have jurisdiction to enforce support provisions of a marital settlement agreement. The court states at page 224 A.2d 215 as follows:

"On the theory that a wife's disability deprived her of an adequate remedy at law, this state and other jurisdictions ruled years ago, that equity does have jurisdiction to enforce support agreements. See Smith v. Knowles, 2 Grant Cas. 413 (Pa. 1855), and Anderson v. Anderson, 1 Edward Ch. 380 (N.Y. 1832). While the reason upon which these decisions were based is not present today, courts have continued to rule in favor of equity's jurisdiction in such cases, because of the difficulties present in enforcing such contracts at law. See McAllister v. McAllister, 147 Fla. 647, 3 So. 2d 351 (1941); Peters v. Peters, 20 Del. Ch. 28, 169 A. 298 (1933); and, Richards v. Richards, 270 Mass. 113, 169 N.E. 891 (1930). These decisions have not made a distinction between arrearages and future payments due. Additionally, the Superior Court of Pennsylvania has ruled that equity has jurisdiction and that an order enforcing future payments is proper. See Stull v. Stull, 126 Pa. Super. 255, 191 Atl. 187 (1937), and Adams v. Adams, 32 Pa. Super. 353 (1907).

"We conclude that equity has jurisdiction in this action and may decree specific performance. The payments due are clear and unchangeable. A multiplicity of suits at law will be obviated." See also

Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981); Cook v. Cook, 303 Pa. Super. 61, 449 A.2d 577 (1980); Sarsfield v. Sarsfield, 251 Pa. Super. 516, 380 A.2d 899 (1977).

Support payments arising under either a marital settlement agreement or under the instant contract are both subject to the same inherent difficulties in their enforcement. The obligation of defendant is a continuous one. If equity were denied, plaintiff would not have a complete and adequate remedy at law. She would be forced to bring a suit for each week that the support payments were not made. This would present a needless multiplicity of suits. Furthermore, plaintiff alleges an entitlement to the $500 per week for the remainder of her life. Damages could not be reasonably ascertained at law by reference to life expectancy tables for she may be denied her just compensation if her remaining years exceed that set forth in the life expectancy tables. Therefore, plaintiff's only complete and adequate remedy is in equity for specific performance.

Plaintiff's complaint is sufficiently specific to identify the contract and defendant's alleged breach by his failure to make payments after the death of plaintiff's husband on December 20, 1983. Defendant can ascertain any additional facts pursuant to discovery.

For the above-mentioned reasons, the court enters the following

## ORDER

And now, this May 21, 1985, it is hereby ordered, adjudged and decreed that the preliminary objections of defendant Salvatore F. Avolio are dismissed.