## Pennsylvania Power and Light Co. v. West Mahanoy Township

*Charles L. Frank*, for plaintiff.

*J. W. P. Burke*, for defendant.

PAUL, J., September 16, 1963.—On July 21, 1961, West Mahanoy Township adopted an ordinance that became effective five days thereafter. West Mahanoy Township is a second class township. The ordinance

provided that from and after the effective date of the ordinance no person, firm, partnership, corporation or utility shall replace any existing or erect any new poles, towers, structure or the lines, wires, cables thereon carried or to be carried within 30 feet on either side of any public street, road, lane, walk or other area of public use in West Mahanoy Township, without first having had and obtained a permit therefor.

Section 2 provides that permits shall be obtained on written application to the Secretary of the Board of Township Supervisors of West Mahanoy Township. The application shall be accompanied by a filing fee of $10.

Section 3 provides that permits shall be issued within three days, or notice of rejection given.

Section 4 provides that for each and every pole, tower or similar structure carrying lines, wires or cables within 30 feet on either side of any public street, road, lane, walk or other area of public use in West Mahanoy Township, the owner and/or user thereof shall pay to the township treasurer, an annual inspection or license fee in the sum of $1.60.

Section 5 provides that when any owner and/or user shall receive from the board of supervisors a report of inspection indicating that any of its facilities or lines are in an unsafe or hazardous condition, a correction of such condition shall be made and certified to the board within five days after such notice.

Section 6 provides for a fine of $25 for the failure to comply with the provisions of the ordinance for the first offense and for the second or any other additional such offense, a fine of $100.

Plaintiff filed a complaint in equity in which it requests that the court:

A. Decree that the ordinance of West Mahanoy Township, adopted July 21, 1961, is void;

B. Issue an injunction perpetually enjoining defendant from enforcing or attempting to enforce the said ordinance against plaintiff, and from interfering in any way with plaintiff's legal obligation to render efficient public service;

C. Such other and further relief as may be deemed just, proper, necessary and equitable.

To the complaint, defendant filed an answer. Plaintiff then filed a motion for judgment on the pleadings as follows:

"And now, this 17th day of September, 1962, the pleadings in the above captioned matter being closed, the Plaintiff, Pennsylvania Power & Light Company, moves the Court for judgment in its favor upon the pleadings."

The above motion is the matter now before the court.

The defense of defendant is found in the tenth paragraph of its answer as follows:

". . . that said ordinance, the charges made under it and its purposes, is proper, legal, reasonable and necessary under the general police and public safety powers given to second class townships by the Legislature under the act of July 13, 1961, P. L. 299, Section 1."

The reference to the above act of the legislature is an error. The Act of June 13, 1961, P. L. 299, is an amendment to The Game Law. Defendant was probably referring to the Act of July 13, 1961, P. L. 600, act no. 299, which is as follows:

"Public Safety—To take all needful means for securing the safety of persons or property within the township, including the power to adopt ordinances defining disturbing the peace within the limits of the township and to provide in such ordinances for the imposition of penalties for the violation thereof, but such penalties shall not be in excess of twenty-five dollars not-

withstanding like statutes pertaining to the same or similar offenses. All penalties imposed for the violation of such ordinances shall be paid to the township treasurer for the use of the township."

The township adopted the ordinance in question under the above provision for the purpose of assuring greater public safety, and, in so doing, to provide reasonable financial assistance for that purpose only.

Plaintiff, however, contends that a second class township cannot control the activities of a public utility corporation in that a general grant to a second class township cannot supplant express and specific grants that already control plaintiff.

The township does not, in the ordinance, distinguish between poles erected along State highways and poles erected along township roads. The ordinance covers both. The State Highway Law of June 1, 1945, P. L. 1242, art. IV, sec. 411, 36 PS §670—411, provides as follows:

". . . nor shall any telephone, telegraph, or electric light or power poles, or other structures, be erected upon, over, or in any portion of a State Highway, nor shall any opening be made therein, except under such conditions, restrictions, and regulations, and subject to the payment of such fees for permits for the placing of such structures and openings, as may be prescribed and required by the department . . ."

This requirement clearly covers the erection of poles on State highways. The Second Class Township Code of May 1, 1933, P. L. 103, sec. 1156, as amended, 53 PS §66156, covers poles erected on township roads as follows:

". . . nor shall any telephone, telegraph or electric light or power poles . . . be erected upon or in, any portion of a township road except under such conditions, restrictions and regulations, as may be prescribed in permits granted by the State Highway Department

for such purpose. Each application shall be submitted to the department, in duplicate, or such larger number as the department may require. The department shall prescribe a fee payable to the department not exceeding the approximate reasonable cost of processing the application, and another fee payable to the township not exceeding the approximate reasonable cost of making the first inspection hereafter described. Each application shall be accompanied by both fees. When the department shall grant the permit applied for, it shall send the duplicate of the application, together with the inspection fee, to the township secretary, thereby notifying the township supervisors to inspect the work authorized by the permit upon the completion thereof, and when necessary to enforce compliance with the conditions, restrictions and regulations prescribed by the department. In addition to such inspection, the township supervisors may reinspect the work not more than one year after its completion, and if any settlement of the road surface or other defect shall appear in the work contrary to the conditions, restrictions and regulations of the department, it may enforce compliance therewith. . . . all inspection fees received by the township shall be paid into the township treasury."

The above shows that it is the Pennsylvania Department of Highways and not a second class township that determines whether utility poles shall be erected in a township highway.

Furthermore, we have section 401, Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1171, as follows:

"Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be

necessary or proper for the accommodations, convenience, and safety of its patrons, employes, and the public."

Section 413 of the Public Utility Law, 66 PS §1183, provides:

"Whenever the commission, after reasonable notice and hearing, upon its own motion or upon complaint, finds that the service or facilities of any public utility are unreasonable, unsafe, inadequate, insufficient, or unreasonably discriminatory, or otherwise in violation of this act, the commission shall determine and prescribe, by regulation or order, the reasonable, safe, adequate, sufficient, service or facilities to be observed, furnished, enforced or employed . . ."

Therefore, on the one hand we have the general provisions of The Second Class Township Code as follows:

"To take all needful means for securing the safety of persons or property within the Township."

On the other hand, we have the definite provisions of the State Highway Law, section 1156 of The Second Class Township Code, and also the Public Utility Law.

The answer to this problem is found in the matter of Cathcart v. Crumlish, 410 Pa. 253, as follows:

". . . where a remedy or method of procedure is provided by an act, those procedures should be followed exclusively."

Under Pennsylvania Rule of Civil Procedure 1501 we find:

"Except as otherwise provided in this chapter, the procedure in an action in equity shall be in accordance with the rules relating to the action of assumpsit."

That brings us to Pa. R. C. P. 1034 and 1034(a)1, which provide that "after the pleadings are closed, . . . any party may move for judgment on the pleadings" and "The court shall enter such judgment or order as shall be proper on the pleadings." Under rule 1034(a) 1, one of the matters that may be raised under the

motion for judgment is for failure to state a legal defense to a claim. That is the matter now before the court. Defendant has not stated a legal defense to plaintiff's complaint.

### Order

And now September 16, 1963, it is ordered and decreed:

1. That the ordinance adopted by defendant, West Mahanoy Township on July 21, 1961, is hereby declared null and void and of no effect.

2. That West Mahanoy Township, its officers, agents and representatives are hereby enjoined and restrained from enforcing or attempting to enforce the ordinance adopted July 21, 1961.

3. That West Mahanoy Township is hereby directed to pay the cost of these proceedings.

4. That the prothonotary shall give prompt notice to plaintiff and defendant of the entry of this decree.

And now September 16, 1963, an exception is granted defendant.